# Exhibit A

Electronically Filed
3/3/2020 10:26 AM
Second Judicial District, Idaho County
Kathy Ackerman, Clerk of the Court
By: Shelby Blewett, Deputy Clerk

Adam H. Green
Attorney at Law
ISB No. 6992
401 W. North Street
P.O. Box 246
Grangeville, ID 83530
Phone: (208) 983-3089
Fax: (208) 983-1401
adamhowardgreen@yahoo.com

Attorney for Plaintiff

## SECOND JUDICIAL DISTRICT COURT, STATE OF IDAHO
## IN AND FOR THE COUNTY OF IDAHO

| | |
|---|---|
| OMER JASON DARR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>IDAHO FOREST GROUP SUAS, LLC, an Idaho limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV25-20-0117<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff by and through his attorney of record, Adam H. Green, Attorney at Law, hereby alleges and claims as follow:

### I.
### THE PARTIES, JURISDICTION AND VENUE:

1. Plaintiff OMER JASON DARR (hereinafter "DARR") is an individual residing in Idaho County, Idaho.

2. Defendant IDAHO FOREST GROUP SUAS, LLC, (hereinafter "IFG") is an Idaho limited liability company doing business as Idaho Forest Group in Idaho County, State of Idaho.

Complaint for Damages - 1

3. Defendants Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and identities are unknown to Plaintiff at present. When ascertained, Plaintiff will amend this Complaint by identifying such Defendants by their true names and capacities.

4. The amount in controversy exceeds the minimum jurisdictional requirements of this Court. Pursuant to Rule 3(a) of the Idaho Rules of Civil Procedure, the Court has jurisdiction over this Complaint. Venue is proper in the District Court of the Second Judicial District of Idaho, in and for Idaho County.

## II.
## FACTUAL ALLEGATIONS:

5. IFG grows, harvests, manufactures, and distributes wood and wood products in the State of Idaho. DARR was employed by IFG as an industrial mechanic from August 2010 through August 2017.

6. On or about May 31, 2017, DARR was working at the IFG facility in Grangeville, Idaho. While working to repair a door, DARR slipped and injured his right knee. DARR was transported to the hospital in Grangeville where he was treated and evaluated.

7. On or about June 1, 2017, Fred Smith, a maintenance manager for IFG, sent notes to the plant superintendent, Adam Miller, regarding the incident. In his notes, Mr. Smith noted that DARR had not done anything out of the ordinary over the weekend prior to his injury. Mr. Smith also noted that DARR had previously had surgery on his right knee and that DARR had previously had a knee injury in 2015 which required surgery to repair.

8. On or about June 6, 2017, DARR was treated by IFG's workers' compensation physician, Dr. Kevin Chicoine. Dr. Chicoine diagnosed DARR with a sprained knee and recommended "sitting duties" and restricted DARR from lifting, pushing, squatting,

kneeling and climbing. Dr. Chicoine ordered an MRI of DARR's right knee, which was completed on or about June 13, 2017.

9. On or about June 15, 2017, DARR met with Dr. Chicoine to review the results of the MRI. Following that visit, Dr. Chicoine released DARR to regular work duty with no limitations.

10. On or about July 6, 2017, DARR was examined by his physician, Dr. Marvin Kym, who had previously performed surgery on DARR's right knee. Dr. Kym also released DARR to full work duty status without restrictions. On or about July 27, 2017, DARR provided IFG with Dr. Kym's notes from his July 6, 2017 examination.

11. On or about July 27, 2017, IFG plant manager Adam Miller told IFG safety specialist Scott Robbins, that DARR was a liability to IFG because of DARR's physical condition. Mr. Miller told Mr. Robbins that even if DARR healed from his recent knee injury, it was only a matter of time before DARR had another knee problem that IFG would have to pay for.

12. On or about July 31, 2017, IFG terminated DARR's employment for "[l]ying or knowingly misrepresenting facts" concerning his knee injury and work restrictions.

13. Following the termination of his employment by IFG, DARR filed an administrative complaint with the Idaho Human Rights Commission. On or about October 1, 2019, the Idaho Human Rights Commission issued a finding of probable cause to believe that disability discrimination occurred in relation to the termination of DARR's employment by IFG. On or about January 22, 2020, the Idaho Human Rights Commission issued a dismissal of DARR's complaint and issued a right to sue letter.

### III.
### COUNT I – DISABILITY DISCRIMINATION:

14. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein and further allege as follows:

15. It is prohibited by Idaho State law and federal law to discriminate against a person on the basis of a disability or perceived disability. DARR is a disabled person with the meaning of the Idaho Human Rights Act and the federal Americans with Disabilities Act.

16. DARR was fully qualified to work as an industrial mechanic for IFG and able to perform the essential functions of his job, with or without reasonable accommodations from IFG.

17. DARR suffered an adverse employment decision when he was terminated from his employment at IFG as a result of discrimination based upon DARR's perceived disability.

18. As a direct result of IFG's discrimination against him, DARR has suffered and will continue to suffer both economic and non-economic harm, in an amount to be proven at trial in excess of $10,000.00, plus costs, accruing interest, and attorney fees.

## IV.
## COUNT II - IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING:

19. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein and further allege as follows:

20. Idaho law implies a covenant of good faith and fair dealing in all contracts, including employment contracts, between parties entered into in the State of Idaho.

21. As a result of the actions of IFG, set forth hereinabove, IFG has violated the implied covenant of good faith and fair dealing contained in its' agreement with DARR. As a result thereof, DARR is entitled to damages as prayed for herein.

22. The actions of IFG as set forth herein violated the implied covenant of good faith and fair dealing and has caused DARR to suffer both economic and non-economic harm, in an amount to be proven at trial in excess of $10,000.00, plus costs, accruing interest, and attorney fees.

## V.
## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

23. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein and further allege as follows:

24. By engaging the foregoing conduct, IFG acted in a negligent manner and unreasonably inflicted emotional distress upon DARR. This emotional distress manifested itself in physical injury to DARR, including, but not limited to, sleeplessness, nightmares, and other physical symptoms of emotional distress, including physical injury.

25. The actions of IFG as set forth herein violated the implied covenant of good faith and fair dealing and caused DARR to suffer both economic and non-economic harm, in an amount to be proven at trial in excess of $10,000.00, plus costs, accruing interest, and attorney fees.

## VI.
## COUNT IV – WRONGFUL DISCHARGE/ADVERSE EMPLOYMENT ACTION IN CONTRAVENTION OF PUBLIC POLICY

26. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein and further allege as follows:

27. IFG wrongfully, unlawfully, and in contravention of public policy, terminated DARR's employment. By doing so, IFG impugned the honesty, integrity, virtue, and/or reputation of DARR. IFG's wrongful termination exposed DARR to public hatred, contempt, and/or ridicule.

28. The information communicated by IFG was false and IFG knew or should have known that the information it communicated was false.

29. The actions of IFG as set forth herein caused DARR to suffer both economic and non-economic harm, in an amount to be proven at trial in excess of $10,000.00, plus costs, accruing interest, and attorney fees.

## VII.
## DEMAND FOR JURY TRIAL:

30. Plaintiff hereby requests and demands a jury trial on all causes of action.

## VIII.
## PRAYER FOR RELIEF:

31. WHEREFORE, Plaintiff prays for judgment against the above-named Defendants as follows:

   1. For a money judgment against said Defendants, and each of them, in an amount to be proven at trial in excess of $10,000.00;

   2. For an award of prejudgment interest in an amount to be determined at trial on this matter;

   3. For judgment to include an award of reasonable attorney fees and costs pursuant to all applicable sections of the Idaho Code, including but not limited to sections 12-120 and 12-121, incurred in prosecuting this matter. $5,000.00 is a reasonable attorney fee if this matter is concluded by default and a greater amount should be awarded if this matter is contested; and

   4. For such other and further relief as this Court deems just, proper, and equitable.

DATED this 3rd day of March, 2020.

By: _____
ADAM H. GREEN, ISB No. 6992
Attorney for Plaintiff

## VERIFICATION

STATE OF IDAHO     )
                   ) ss.
County of Idaho    )

I, OMER JASON DARR, being first duly sworn upon oath, depose and state that I am the Plaintiff named in the foregoing matter; that I have read the foregoing; that I know and understand the contents thereof; and that the same are true and correct to the best of my knowledge and belief.

_____
OMER JASON DARR, Plaintiff

I, Lori A. Wilson, a notary public, do hereby certify that on this 3rd day of March, 2020, personally appeared before me OMER JASON DARR, who, being by me first duly sworn, declared that he signed the foregoing document and that the statements therein contained are true.

_____
Notary Public in and for the State of Idaho
Residing at: Grangeville
My commission expires: Oct. 19, 2025.

[Notary Seal: LORI A. WILSON, NOTARY PUBLIC, Comm. No. 24780, STATE OF IDAHO]

Complaint for Damages - 7